■   In the Matter of the Claim of ANN OLEAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 1972, which determined that claimant was disqualified from receiving benefits on the ground that she voluntarily left her employment without good cause by provoking her discharge. Claimant was employed as a socia-therapist in charge of 10 emotionally disturbed boys, averaging 14 years of age, who lived in a cottage at Baker Hall, a residential treatment center. Her hours of work were from 2:00 P.M. to 10:00 P.M. Claimant's supervisor testified that her duties were "to run the household. To provide a mature female for boys to look up to. To form relationships with the boys and to teach things like personal hygiene, housekeeping, et cetera." The employer's report stated that she was discharged from her employment for violation of company rules. We find nothing in the record to support any willful act or disregard of duty on the part of claimant. There is no evidence of refusal on her part to follow the employer's rules and regulations. She testified that her specific duties were to formulate meaningful relations with the boys who had problems. The mere circumstances that claimant on occasion forgot to leave out medication, left the campus on one occasion for the sole purpose of trying to help one of the boys, and on another, returned to campus after going off duty to leave out medication for the children, are not sufficient to support the finding that claimant provoked her discharge. Although the requirements of substantial evidence vary from case to case, there must be a reasonable fulcrum of support in the record to sustain the findings of the administrative agency. If claimant's course of conduct was such as to require dismissal, the employer should have had available abundant evidence to establish the fact. (*Matter of Paulsen* [*Catherwood*], 27 A D 2d 493, 495-496.) Considering the present record in its entirety, the board's determination is not supported by substantial evidence. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Staley, Jr., J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.